IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 14-cr-00444-PAB

UNITED STATES OF AMERICA,

    Plaintiff.

v.

1.  KEVIN WASHINGTON,

    Defendant.
_____

**ORDER**
_____

This matter comes before the Court on defendant Kevin Washington's Motion for Reconsideration of the Issuance of Presentence Confinement Time [Docket No. 63], requesting that the Court credit his sentence with the time he spent in federal custody after he was arrested on October 21, 2014 on this case.

Pursuant to 18 U.S.C. § 3582(c), the district court loses jurisdiction over a case after sentencing and the Bureau of Prisons, not the district judge, determines whether the defendant should receive credit for time spent in custody. *See* § 3585(b); *United States v. Wilson*, 503 U.S. 329 (1992) (BOP determines credit issues, not the district court); *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004) (although Section 3585(b) calls for a defendant to receive credit for time served, the calculation is left up to the BOP and not the sentencing court). Therefore, following sentencing, a defendant must bring his or her request for sentence credit to the Bureau of Prisons in the first instance and thereafter seek judicial review of the Bureau's determination. Before

seeking judicial review under § 3585(b), prisoners must exhaust administrative remedies. *Id.; Buchanan v. U.S. Bureau of Prisons*, 133 F. App'x 465, 467 (10th Cir. 2005) (unpublished). Mr. Washington presents no evidence that he has exhausted his administrative remedies.

Wherefore, defendant's Motion for Reconsideration of the Issuance of Presentence Confinement Time [Docket No. 63] is denied.

DATED July 6, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge